Van Zandt v. Johnson County 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-93-060-CV

     ORVILLE J. VAN ZANDT,
                                                                                              Appellant
     v.

     JOHNSON COUNTY,
                                                                                              Appellee
 

From the 18th District Court
Johnson County, Texas
Trial Court # 90-89
                                                                                                    

MEMORANDUM OPINION
                                                                                                    

      Orville F. Van Zandt


 appeals the granting of a motion for summary judgment in favor of
Johnson County. We will dismiss the appeal for want of jurisdiction.
      On March 10, 1989, Van Zandt sued Johnson County, alleging that, by replacing a wooden
bridge with three three-foot culverts under County Road 309, the county had denied his cattle
access from his forty-acre tract of land on the west side of the road to his eighty-acre tract of land
on the east side of the road. Van Zandt sought damages for his loss of use of the eighty-acre tract
and for the greater expense in feeding his cattle because they had no reasonable access to the
eighty-acre tract. The county answered and filed a motion for summary judgment, which was
denied by the court in May 1989. On August 6, 1991, Van Zandt filed an amended petition,
arguing that the implied dedication of the road to the public did not extend to the existing use of
the passage under the bridge. His amended petition also added a cause of action for loss of water
available to his cattle as a result of the county's modification to the bridge.
      On January 7, 1993, the county filed a second motion for summary judgment arguing that,
as a matter of law, Van Zandt was not entitled to access under the bridge because the dedication
of the road to public use extended to as much of the surface or subsurface as was reasonably
necessary for the public right-of-way. The county's motion for summary judgment, however, did
not address the loss-of-water issue raised by Van Zandt's amended petition.
      On February 10, 1993, the court held a hearing on the county's second motion for summary
judgment. The court's order granting the motion disposed of all issues except Van Zandt's
allegation that the reduction in water flow caused by the bridge modification resulted in a loss of
water available to his cattle. A summary judgment that fails to dispose expressly of all parties and
issues in the pending suit is interlocutory and not appealable unless a severance of that phase of
the case is ordered by the trial court; in the absence of an order of severance, the party against
whom an interlocutory summary judgment has been rendered has his right of appeal when, and
not before, the partial summary judgment is merged in a final judgment disposing of all parties
and issues.



      Because Johnson County did not move for summary judgment on the loss-of-water cause of
action, the summary judgment disposes of only the loss-of-use and loss-of-access causes of action. 
The summary judgment is, therefore, interlocutory. As a result, we are without jurisdiction to
consider Van Zandt's points of error.



      The appeal is dismissed.
 
                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Dismissed
Order issued and filed December 1, 1993
Do not publish